**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 95-7688**

———————

WILLIAM BARTHOLOMEW PRECHTL, III,

Petitioner - Appellant,

versus

STANLEY R. WITKOWSKI, Warden, Perry Correc-
tional Institute; ATTORNEY GENERAL OF NORTH
CAROLINA,

Respondents - Appellees.

———————

Appeal from the United States District Court for the District of
Columbia, at Charleston. Joseph F. Anderson, Jr., District Judge.
(CA-95-150-2-17AJ)

———————

Submitted:  March 5, 1996          Decided:  March 19, 1996

———————

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

William Bartholomew Prechtl, III, Appellant Pro Se.  Donald John
Zelenka, Chief Deputy Attorney General, Columbia, South Carolina,
for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William B. Prechtl appeals from the district court's order granting summary judgment for the Respondents on his 28 U.S.C. § 2254 (1988) petition. Prechtl raised fifty claims in his petition. We have reviewed the district court's opinion adopting the magistrate judge's recommendation and find no error with its determination that only the claims raised before the South Carolina Supreme Court in Prechtl's direct appeal from his criminal conviction or in his petition to appeal the denial of his post-conviction relief application may be addressed by the federal courts. We therefore affirm the dismissal of all other claims on the reasoning of the district court. Prechtl v. Witkowski, No. CA-95-150-2-17AJ (D.S.C. Oct. 11, 1995).

Prechtl concedes that some of his claims may be barred by procedural default, but contends that they should be reviewed anyway for three reasons: (1) his attorney's failure to present witnesses at his post-conviction relief hearing constituted ineffective assistance of counsel, thus resulting in both cause and prejudice; (2) he is actually innocent; and (3) there was an intervening change in the law regarding one claim. Our review reveals no error in the district court's disposal of Prechtl's first two explanations. Therefore we dismiss these two allegations as methods to attack procedurally defaulted claims on the reasoning of the district court. Prechtl v. Witkowski, No. CA-95-150-2-17AJ (D.S.C. Oct. 11, 1995).

Prechtl's third attempt to obtain federal review centers around a jury instruction that "malice may be inferred from the use of a deadly weapon." Prechtl contends that an intervening change in the law rendered this instruction constitutionally infirm. We find, however, that the rule upon which Prechtl relies to demonstrate constitutional infirmity existed before the trial court charged the jury. Accordingly, there was no intervening change in the law and we dismiss this claim as meritless.

Having decided that Prechtl has no avenues through which to litigate procedurally defaulted claims in federal court, we turn to the five claims raised in his direct appeal and petition for certiorari to the Supreme Court of South Carolina. Our review of the district court's opinion accepting the recommendation of the magistrate judge reveals no reversible error in the grant of summary judgment for the Respondents on these claims. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court. Prechtl v. Witkowski, No. CA-95-150-2-17AJ (D.S.C. Oct. 11, 1995). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3